*WILLIAM G. KITTREDGE v. CINCINNATI (CITY).

1. OPINION OF ONE HAVING KNOWLEDGE OF STALLIONS IS PROPER AS TO THEIR PROPENSITY TO JUMP FENCES.

   The opinion of a man having experience with horses, as to the propensity of young stallions to jump out of their pastures, is proper to go to the jury where the sufficiency of a fence to keep a young stallion in a pasture is in question.

2. QUESTION OF LAPSE OF TIME TO CHARGE CITY WITH NOTICE OF DEFECTIVE STREET DEPENDS UPON PARTICULAR CIRCUMSTANCES.

   The question of the sufficiency of lapse of time to operate as notice to a municipality of a defect in a street will depend upon the location thereof with reference to whether the same is unfrequented or in a closely populated district, and will be determined by the circumstances in each particular case.

3. TO CHARGE CITY WITH NOTICE OF DEFECT IN STREET, IT MUST HAVE BEEN RECEIVED IN TIME TO MAKE THE NECESSARY REPAIRS.

   In order to charge a municipality with negligence in failing to repair a street, it must be shown, not only that notice, either actual or constructive was received, but that it was received in time to make the necessary repairs or otherwise provide against accident.

4. DEGREE OF CARE IN MAINTAINING FENCE IS SUCH AS WOULD BE EXERCISED BY ORDINARILY PRUDENT MAN.

   The degree of care required in maintaining a fence around a pasture is not such as will be reasonably sufficient to restrain stock, but such as would be exercised by an ordinarily prudent person under like circumstances.

---

*Affirming *Kittredge* v. *Cincinnati*, 14 Dec. 504.

### Kittredge v. Cincinnati.

ERROR to Hamilton common pleas court.

D. V. Sutphin, for plaintiff in error:

A. H. Morrill, assistant city solicitor, for defendant in error:

The city contends that it is not liable for an improbable or extraordinary accident. *Village* v. *Kallagher*, 52 Ohio St. 183 [39 N. E. Rep. 144]; Dillon, Mun. Corp. Sec. 1020, p. 1287.

The city further contends that the duty laid upon it by Rev. Stat. 2640 (Lan. 3923; B. 1536-131), "to keep its streets open and in repair," only requires that degree of care which would be necessary to protect from harm any traveler or other person using the street for street purposes, and that it would be requiring too great and reasonable care if the city would be liable as an insurer for any accident which might occur, whether the street was being used for street purposes or otherwise. 2 Elliott, Roads & Streets Sec. 431; *Blodgett* v. *Boston*, 90 Mass. 237; *Richards* v. *Enfield*, 79 Mass. (13 Gray) 344; *Gregory* v. *Adams*, 80 Mass. (14 Gray) 242; *Stickney* v. *Salem*, 85 Mass. 374; Deering, Negligence Sec. 191; Shearman & Redfield, Negligence Secs. 346. 358, note; *Moss* v. *Burlington*, 60 Iowa 438 [15 N. W. Rep. 267; 46 Am. Rep. 82]; *Gribble* v. *Sioux City*, 38 Iowa 390; *Hungerman* v. *Wheeling (City)*, 46 W. Va. 761 [34 S. E. Rep. 778].

The defendant's contention here is that no matter what degree of negligence the city was guilty of, as regards travelers on the street here in question, the plaintiff cannot recover for an injury which resulted directly from the fact that his horse was illegally running loose upon a public highway, which illegal act contributed immediately and approximately to the injury; that the plaintiff's horse, when he ran loose upon the highway was putting the highway to a use for which it was not made, and, although the horse escaped without negligence of the plaintiff yet the plaintiff cannot recover for such resulting injuries. *Hungerman* v. *Wheeling (City)*, 46 W. Va. 761 [34 S. E. Rep. 778].

GIFFEN, J.

The plaintiff in error in his original petition alleged that his horse, without the knowledge of plaintiff and without any negligence on his part, escaped from pasture, and while on a public street fell into a large hole in the street whereby he was killed; that the defect in the street existed for more than three weeks prior to the happening of the injury; that the city had notice of the same for more than two weeks but failed to repair the same or place any protection around it.

The defendant, by answer, denied all negligence on its part and charged contributory negligence upon the plaintiff. The jury re-

turned a verdict in favor of the defendant upon which judgment was entered.

It is competent to prove by one acquainted with the habits and dispositions of horses that the class to which the plaintiff's belonged was accustomed to jump over fences or break out of pasture. The court therefore did not err in receiving the testimony of the witness, Morris.

The three special charges given by the court at the request of the defendant state the law correct y and were properly given.

The first special charge requested by the plaintiff makes the question of notice of the defect to the city depend entirely upon the existence of the same for a period of three weeks. In certain parts of the city densely populated and where streets are frequently used, the existence of a defect for a period of three days might be sufficient to charge the city with notice of a defect, while on the other hand, in another part of the city where the streets are seldom used, the existence of the defect for a period of thirty days might not be sufficient to charge the city with notice of the same. The question necessarily depends upon the circumstances of each particular case. In this case the defect existed in that part of the street which was seldom used, and at a point near the edge of the traveled way which, together with other facts, tended to rebut any presumption arising from lapse of time, and the question of notice was properly left to the jury.

The second special charge leaves out of consideration entirely the question of notice, and was properly refused.

The third special instruction, although providing for notice either actual or constructive, fails to require that the notice be received in time to make the necessary repair or otherwise provide against accident.

The fourth special charge is defective in limiting the kind of fence the plaintiff was required to maintain around his pasture to one reasonably sufficient to restrain stock, such as that of the plaintiff. Reasonably or tolerably sufficient is not the nature of care required but it is such as would be exercised by an ordinarily prudent person under like circumstances.

The general charge of the court on the question of notice through a police officer is more favorable to the plaintiff than would now be sanctioned under the case of *Cleveland* v. *Payne*, 72 Ohio St. 347, since the trial of this case and reported on May 22, 1905.

The verdict was not against the weight of the evidence, and the judgment will be affirmed.

**Jelke** and **Swing, JJ.,** concur.